TATE, Judge.
This suit is for property damage caused by an automobile collision. Defendants (Mrs. Helen Flowers and State Farm Mutual Automobile Insurance Company, her liability insurer) appeal from judgment against them in favor of Benjamin Exner, plaintiff-appellee, in the amount of $331.48.
The accident on May 2, 1953 involved three cars at the “T” intersection formed when Hollywood Drive, a secondary city street, enters the four-lane Scenic Highway, a main thoroughfare of Baton Rouge, La. Just before the accident both the Exner Packard and the Flowers Nash were proceeding north on the two most eastern lanes of the Scenic Highway, which two lanes are reserved for northbound traffic. A third automobile driven in a westerly direction by one Luly Latt entered the Scenic Highway from Hollywood Drive, striking the Exner car, which struck or was struck by the Flowers’ car coming from its (Ex-ner’s) rear.
It is agreed that Luly Latt’s negligence in entering on the main highway in the face of oncoming traffic, apparently because of defective brakes, was a proximate cause of the accident or accident?. However, service upon her was never obtained and she is not a party to this appeal.
The able trial court found that Mrs. Flowers was negligent because she observed the Latt car approaching Scenic Highway on the side-street and should have seen the Exner car suddenly stopping and have taken steps to avoid the second collision by slowing her car and pulling to the left. If defendant Flowers was negligent in failing to anticipate that the Latt *48 car would heedlessly drive onto the main highway and thrust the Exner automobile into her path, then probably plaintiff Exner would also be negligent in failing to anticipate Latt’s failure to stop before entering the main highway until he was from 20-60 feet from the intersection. (His estimates vary.) However, we do not think that either of these parties was negligent under the circumstances shown by the record in failing to anticipate that the car approaching from the side 'street would heedlessly turn on the main thoroughfare in the face of oncoming traffic. See Strug v. Travelers Indemnity Co., La.App. 1 Cir., 53 S.2d 437, 442.
It is undisputed that the forward Exner automobile was in the right (eastern) lane reserved for northbound traffic and the Flowers' automobile in the left (western) of the two lanes reserved for such traffic, and therefore the interval maintained between her car and the forward car is immaterial.
.The factual issue of chief importance is the length of time between the first colli-: sion when the Exner car was struck on its right front by the Latt car and pushed westward into the path of the Flowers car, and the subsequent collision between the Flowers and the Exner vehicles. For if -the Exner car remained where Mrs. Flowers driving with due care could have .had sufficient time to observe it and avoid striking it, it would appear that she would be negligent, see, e. g., Lynch v. Fisher, La.App., 34 So.2d 513. On the other hand if the Exner car was pushed in her path almost simultaneously with her striking it, it would appear that she could not have reasonably avoided the accident, see, e. g., Rhea v. Daigle, La.App., 1 Cir., 72 So.2d 643, Stevenson v. Campbell, 17 La.App. 142, 134 So. 718.
The undisputed physical facts show: The two eastern lanes of the' Scenic Highway were altogether 21 feet in width. The first or Exner-Latt point of impact was six feet from the eastern edge of the highway and the Exner car was thrust at least l%-2 feet westward. The right front of the Flowers car struck the left side of the Ex-ner car, either by the front fender (according to Exner) or by the rear fender (according to Mrs. Flowers) at a point approximately in the center of the two lanes. Exner says this latter point was entirely in his lane, Mrs. Flowers says she was struck by Exner in her lane, the police witnesses said it was approximately in the middle of the highway but swore that the diagram they made at the time of the accident was correct indicating the point of impact slightly in Mrs. Flowers’ lane.
The passengers in the Exner car testified that “several seconds”, between four and five seconds, elapsed between the first and second collisions. However, witnesses’ estimates of time observed immediately before the flash realization that an accident has occurred, especially when involving their own safety, of necessity cannot be accurate when time stands still and split seconds may seem full seconds.
The physical facts as revealed by Exner’s own testimony indicate he was struck almost simultaneously by the Flowers’ car following the first collision. He testified as to the position of his own car that when Mrs. Flowers’ Nash hit him, “The front end of the car was just a little south of the center of the intersection, just a foot or two towards the west” (Tr — 10). He testified the slight impact of the Latt car had knocked his own car not more than 1%~2 feet westward and that he had been struck 2 or 3 feet from the southern boundary of the intersection. It is established also by the physical evidence that his car had hardly moved any distance from the time it was struck the first time by the Latt car and when it was struck the second time by the Flowers car. But he testified, “I was a standstill when I was struck the second time or at a near standstill” (Tr-25), which the trial court so found. If after being struck and pushed perhaps three feet by the Latt car his car was not even or just at a standstill when Exner was struck by the Flowers’ car, it is apparent that practically no time *49 elapsed between the first and second accidents.
Mrs. Flowers’ testified that she was coming up behind Exner to pass him and that her right front' was even with his left rear when he was pushed into her car by the impact from the Exner-Latt collision, and that the accident happened so fast she didn’t see this first collision and didn’t have time to apply her brakes. No matter which car struck which, we feel the physical facts and the record as a whole support a finding that the Exner car was thrust westward immediately into Mrs. Flowers’ path so as to cause an almost-simultaneous second collision and that defendant Flowers violated no duty by reason of, which she or her insurer can be held liable. Even if by suddenly swerving there was a theoretical possibility of avoiding the accident, it is the settled doctrine of our courts that a driver, when confronted with a sudden emergency not caused by his own negligence, cannot be held negligent for failure to use the best judgment' which might have avoided the accident, see Strug v. Travelers Indemnity Co., La.App. 1 Cir., 53 So.2d 437.
Cases cited by diligent counsel for plaintiff-appellee concerning the duties of the rear vehicle to the forward vehicle, such as McDaniel v. Capitol Transportation Co., Inc., La.App., 1 Cir., 35 So.2d 38, are inapplicable, as involving vehicles in- the' same lane of traffic. Here the two vehicles involved were in separate lanes of traffic, although heading in the same direction.
• -For the, above' and foregoing reasons, the judgment of the trial court is reversed and set aside, and judgment is rendered herein in favor of defendants, Mrs. Flowers and the State Farm Mutual Automobile Insurance Company, dismissing plaintiff’s suit’as against them; all costs of these proceedings and of this appeal to be paid by plaintiff-appellee. .. .
Reversed and rendered.