No. 3979

Second Circuit

STEVENSON v. CAMPBELL ET AL.

(May 20, 1931. Opinion and Decree.)
(July 14, 1931. Rehearing Refused.)

H. W. Ayres, of Jonesboro, attorney for plaintiff, appellee.

Wilkinson, Lewis, Wilkinson & Burford, of Shreveport, attorneys for defendants, appellants.

DREW, J. This is a companion suit to the case bearing the same number decided this day, entitled I. J. Allen v. L. T. Campbell et al., 134 So. 717, 17 La. App. 139. The two were consolidated for trial only.

The plaintiff herein alleged that his delivery truck driven by his son, a minor, was traveling from Jonesboro to Hodge, just behind defendant's truck, which ran into the Allen car and that the left front wheel of the Allen car was broken down by the collision with defendant's truck and the car thrown across to the left side of the road into the ditch and against his truck, knocking it into the ditch and demolishing it. He alleged that the accident was caused by the negligence and carelessness of the driver of defendant's truck in driving on the left-hand side of the road and at a reckless rate of speed. He prays for damages in the sum of $325, for damage done to his truck. He alleges that the driver of the truck was employed by the defendant, Campbell, and engaged in defendant's business at the time of the accident.

Defendants, after filing exceptions to the citation, which were not passed on below and are not urged here, answered setting up the same defense as that in the suit of I. J. Allen against them; and in the alternative pleaded contributory negligence on the part of plaintiff in that his son, the driver of his truck, was operating it at an excessive rate of speed and without regard to the distance of said truck ahead of him, *and in failing to maintain control of his said truck so as to be able to stop within*

a reasonable distance in case of an emergency. There was judgment in the lower court for plaintiff, as prayed for, and from that judgment defendants prosecute this appeal.

The question of negligence on the part of defendant was fully gone into in the companion case heretofore referred to and the reasons given therein are herein adopted. Defendant was negligent in running into the Allen car and the evidence is conclusive that the Allen car was thrown by the truck across the road into the path of plaintiff's truck, thereby causing the collision that knocked plaintiff's truck into the ditch and damaged it to the extent claimed by him.

The only remaining question is the contributory negligence of plaintiff's son. The testimony is that plaintiff's son was driving behind defendant's truck twenty-five to thirty yards at a rate of speed of from twenty-five to thirty miles per hour, and that he had slowed down to a stop when he was struck by the Allen car. His speed was not excessive and the distance he was from the truck was not such negligence that would bar him from recovery. It is not negligent to drive a car on a highway such a distance behind another vehicle, and plaintiff was not called on or required to be on guard for such an unexpected happening as occurred at that time—that is, for a truck to run into a car and throw it across the road into his path. The sole and proximate cause of the injury to plaintiff's truck was the negligence of defendant in running into the Allen car, and the judgment of the lower court is correct.

It is therefore ordered, adjudged and decreed that the judgment of the lower court be affirmed, with all costs.