## ADAMS v. MORGAN et al.*
### No. 1696.

Court of Appeal of Louisiana. First Circuit.

April 10, 1937.

Roland C. Kizer and Jos. A. Loret, both of Baton Rouge, for appellant.

Lemle, Moreno & Lemle, of New . Orleans, and Breazeale & Sachse, of Baton Rouge, for appellees.

LeBLANC, Judge.

This is a suit for damages for personal injuries brought by a guest against the owner, who was also the driver of the automobile in which she was riding at the time of the accident which gave rise to the suit. The action is also directed against the Home Indemnity Company

*Rehearing denied 174 So. 157.

which carried the automobile owner's liability insurance and against one Theogene Thibodeaux, a resident of the parish of St. Martin, whose automobile was also involved in the accident. We may state here that the defendant Mrs. Constance Morgan, whose guest plaintiff was, 'and the defendant Home Indemnity Company, in a joint answer filed by them, had raised the issue of joint venture or enterprise between plaintiff and Mrs. Morgan on which they contended thère could be no liability on the part of Mrs. Morgan, but that issue seems to have passed out of consideration as it is not referred to at all in brief or argument before this court. It may be proper to mention at this time also that the defendant Thibodeaux did not appear to defend the suit and judgment went against him by default. He did not appeal and is not represented before this court.·

On June 2, 1934, the day of the accident, plaintiff and Mrs. Morgan left the city of Baton Rouge at about 8 o'clock in the morning on a trip which was to take them first to Melville and then to Lake Charles. While driving along the Jefferson Highway in the parish of Pointe Coupee, just outside of the village of Fordoche, they ran into the car of Theogene Thibodeaux which had been traveling ahead of them, just as he was making some unexpected turn in the road.

Plaintiff, in her petition, charges Thibodeaux with negligence in turning his automobile to the left, without giving any warning or signal of his intention to do so, and in then suddenly turning sharply to the right, directly in the path of Mrs. Morgan's car, in his attempt to drive through a gate on his right-hand side of the highway. Her ·claim against her host, Mrs. Morgan, is predicated on the latter's alleged negligence in attempting to drive her automobile past the Thibodeaux car on the right when the actions of Thibodeaux were not such as to indicate what sort of maneuver he intended to make. She also charges Mrs. Morgan with negligence in not bringing her automobile to a stop without striking the Thibodeaux car when she saw that car being operated without any clear indication on the part of the driver as to his real intention about turning in the road.

The defense of Mrs. Morgan and her insurer is that Mrs. Morgan was free of any negligence as charged against her by the plaintiff and that the negligence of Thibodeaux, driver of the car ahead of her, as alleged by the plaintiff, was the sole and proximate cause of the accident.

The plaintiff's demand is for the sum of $6,355, the largest item being for physical injury and suffering due principally to an alleged fracture of the patella of the right knee. The nature and extent of her injuries is denied by the defendants Mrs. Morgan and Home Indemnity Company. As against the defendant Thibodeaux, the district judge awarded plaintiff damages in the sum of $576 but he dismissed her suit against Mrs. Morgan and her insurer. On this appeal, we are therefore concerned only with the issue of negligence vel non on the part of Mrs. Morgan and her consequent liability and that of her insurer for the damage suffered by the plaintiff.

Not only did Thibodeaux fail to appear in answer to the citation served on him as a defendant in the suit, but neither did he appear as a witness in the case and as to what actually occurred at the time of the accident, we find in the record the testimony of only the plaintiff and the defendant Mrs. Morgan. As between these two, there is variance on only one material point. Plaintiff testifies that after Thibodeaux had turned his car to the left, Mrs. Morgan attempted to pass him to the right. Mrs. Morgan, on the other hand, states that when she saw Thibodeaux turning to the left, she was about to signal her intention to pass ahead of him on the left, but that because of the unexpected movement of his car in the same direction, she attempted as best she could to stop her car behind him. Before she was able to do so, however, Thibodeaux again suddenly turned to his right. She then tried to pass to his left but was unable to clear the rear end of his car. The right front fender of her car struck the rear right fender of his and in the impact plaintiff was thrown against the front part of the car and sustained the injuries she complains of.

Mrs. Morgan denies that she attempted to pass to the right of the Thibodeaux car and there is no reason why her testimony on that point is not as acceptable as is that of the plaintiff. In fact, the physical results tend to support her denial. The point of impact between the two cars makes it positive that at the

moment of the collision she was not attempting to pass to the right of the Thibodeaux car and plaintiff herself states that the whole thing happened so quickly that the collision took place before she had time to realize that Mrs. Morgan was going to try to pass the other car on the right-hand side of the road. But even though Mrs. Morgan's testimony on this point be not accepted, certain it is that the plaintiff's, standing alone, does not make for that preponderance which is necessary to support one of the principal charges of negligence on which her cause of action is based.

Neither do we think has plaintiff been more successful in sustaining the other charge that Mrs. Morgan was negligent in not bringing her automobile to a stop before striking the Thibodeaux car when she saw the latter car being operated in some uncertain movement in the road ahead of her.

This charge of negligence involves the application of those rules of law and of automobile driving which govern the duties of a driver following another car on the highway. These rules may be said to take into consideration the speed at which the driver of the car back of the other should go, the distance he is to remain behind, and the necessity of his sounding a warning of his intention to pass ahead of the lead car when he gets ready to do so.

No law or rule, of course, attempts to prescribe a fixed rate of speed or a definite distance to be maintained for the very good reason that there is such vast difference in the form of vehicles using the highway and also because hardly no two persons drive exactly alike. So long as we will have some who drive fast and others moderately, vehicles will be passing each other on the road. Besides, very frequently certain circumstances arise which make passing ahead an absolute necessity.

█ The best and safest rule which it seems possible for the governing authorities and the courts to have formulated is the one which requires the driver of the car following another to · maintain such speed and such distance from the lead car as to be able to meet the usual and ordinary movements of a car using the highway. Such in effect is the provision in our own State Highway Regulatory Act. Rule 8 (a) section 3, Act No. 21 of 1932. Whilst he is expected to be prudent in

following another; the driver of the car in the rear can anticipate a reasonable observance of the rules of the road and of driving, by the driver of the car ahead of him. The rule is thus tersely and appropriately stated in the recent publication, American Jurisprudence, Vol. 5, p. 656, § 280:

"The general rule that drivers of automobiles on public highways or the streets of municipalities must exercise reasonable care in the operation of their vehicles, that is, such care as a person of ordinary prudence would exercise under the same or similar circumstances, governs the reciprocal rights and duties of the drivers of cars proceeding in the same direction. The driver must keep a safe distance behind a vehicle ahead and must have his machine well in hand to avoid injury to the car ahead *so long as the car ahead is being driven in accordance with the law of the road."* (Italics ours.)

Blashfield, in his Cyclopedia of Automobile Law and Practice (Permanent Ed.) Vol. 2, p. 71, § 931, lays down a rule much to same · effect. According to the statement therein made, it is the duty of the driver in the rear to have his car under such control as not to interfere with the free use of the road *"in any lawful manner,"* by the driver of the car ahead. (Italics ours.)

█ With regard to the sounding of the horn of his car by the driver in the rear as a signal of his intention to pass ahead of the car in the lead, all that the law or the regulations governing the operation of automobiles prescribe is that audible and sufficient warning shall be given. Naturally it must be given at such time as to make it effective.

With these rules and regulations before us, we now revert to the facts in the case before us to judge of their applicability.

The accident happened in the forenoon, with nothing to indicate any unusual conditions attending the driving of an automobile at the time. Mrs. Morgan estimates the speed of her car as being 40 miles per hour. The impression we get from the record is that she had not been trailing the Thibodeaux car for any length of time, but was going faster and, as she says, intended to pass ahead of it. The Thibodeaux car was occupying the center of the road which had a graveled surface, and Mrs. Morgan was holding her car to the right.

It seems to be conceded that Thibodeaux gave absolutely no sign or indication of changing his course or manner of driving, but suddenly swerved his car to the left of the road. It was just at this moment that Mrs. Morgan says she was preparing to blow the horn of her car to give warning of her intention to pass ahead of him, but this sudden movement on his part caused her to change her mind and to try as best she could to stop her car. Before she could do so, however, he again turned his car sharply to the right. On realizing that she could not then stop without running into him, she attempted to pass behind him to her left of the road, but could not clear his car entirely. The front right end of her car struck the rear right end of his. The blow, if we are to judge by the damage to the cars, must have been a light one.

█ These facts, we think, demonstrate that Mrs. Morgan had her car under proper control and that she exercised the care of an ordinarily prudent person under the circumstances. There is, nothing in the record to show any necessity for her to have sounded her horn before the time she says she intended to sound it. It was just at that moment, however, that the driver in the car ahead, by his violation of the rules of the road in two important respects, first by failing to give any signal of his intended movement and then executing that movement suddenly, caused her to change her course of action and to do what she considered best under the circumstances to avoid an accident. But for Thibodeaux' violation of the law of the road, there is no reason to suspect why Mrs. Morgan would not have passed ahead of him in perfect safety. His negligence was, in our opinion, the sole and proximate cause of the accident which resulted in the injuries complained of by the plaintiff.

██ Blashfield, in the same work already referred to, same volume, at page 97, § 942, in discussing the particular point here involved, lays down another rule which we think it is safe for us to follow here. He states that "the question of whether one vehicle trails another so closely as to constitute negligence, contributing to an accident due to the sudden stopping of the forward vehicle, depends on the circumstances, and is usually for the jury, or the trial judge sitting without a jury." That is an application on the particular issue with which we are here concerned, of the general rule to the effect that the trial judge's findings on questions of fact must be accorded great weight and should not be reversed unless found to be manifestly erroneous. No such error appears in the finding of the district judge on the question of Mrs. Morgan's negligence in this case, and the judgment in that respect will not be disturbed.

As it is only from the judgment which was rendered against her that plaintiff took an appeal, our decree affirming the judgment will have to be restricted to that extent.

For the reasons stated, it is ordered that the judgment appealed from, in so far as it rejected the plaintiff's demand as against the defendants Mrs. Constance Morgan and Home Indemnity Company, be and the same is hereby affirmed at the costs of the appellant.