Plaintiffs, Miss Marguerite Adelaide Vienne and her sister, Miss Mary Madeline Vienne, were injured in an automobile accident on February 8, 1939, when their automobile was struck from the rear by a car, owned by Henry Chalona, which was being driven by his minor daughter, Mrs. Lorraine Chalona Streckfus. Claiming that the accident was caused by the negligence of the driver of the Chalona car, plaintiffs brought this suit for damages against Henry Chalona and his automobile *Page 155 
liability insurer, Standard Surety and Casualty Company of New York. Miss Marguerite Vienne demanded $2094.57 for her personal injuries and Miss Madeline claimed $24,369.38.
Defendants resisted liability on the ground that the accident was due to the negligence of Miss Marguerite, the driver of the Vienne car, in that she came to a sudden stop without warning or hand signal and in violation of the city traffic ordinance. They further specially pleaded, in the alternative, contributory negligence of the plaintiffs as a bar to their recovery.
On these issues, the case was heard in the Civil District Court before a jury which rendered a verdict in favor of Miss Marguerite in the sum of $100.82 and in favor of Miss Madeline for $1762. After a judgment was rendered in accordance with the verdict of the jury, plaintiffs prosecuted this appeal, claiming that the amounts awarded them were inadequate. Defendants answered the appeal, praying for a reversal of the judgment below.
The accident occurred at about 8:30 o'clock on the morning of February 8, 1939, on South Broad Street near Calliope Street. South Broad is one of the main thoroughfares of the city of New Orleans and, at or near its intersection with Calliope Street, it is crossed by tracks of the Illinois Central and Southern Pacific Railroads. On the morning of the accident, traffic proceeding on South Broad Street in the direction of Canal Street was stopped at or near the crossing due to the fact that a train was passing over the intersection and the cross-gates abutting the track were down. Plaintiffs testify that there were two lanes of automobiles stopped at the crossing; that, when they reached there, Miss Marguerite brought the Vienne car to a stop some four or five feet to the rear of another car owned by a Mr. White, which was also stopped; that the Vienne car had been stopped, as above indicated, about a minute when suddenly, and without warning, the Chalona car ran into its rear and that, as a result, they sustained the injuries which will be hereinafter discussed.
Mrs. Streckfus, the driver of the Chalona car, admits that she struck the Vienne automobile while it was stopped but her version of the accident is that she had originally stopped to the rear of the Vienne car; that, after the train went over the crossing and the gates went up, the double lines of traffic moved forward; that, as the Vienne car started, she, too, started the forward motion of her car following behind the Vienne car at a distance of between ten and fifteen feet; that, after the Vienne car had traversed a distance of approximately fifty feet, it was brought to a sudden stop without any warning whatever and that, although she quickly applied her brakes, she was unable to stop her car in time to prevent it from running into the rear of the Vienne car.
[1] Even if we accept the statement of Mrs. Streckfus as true, it seems very clear that she was guilty of negligence — for the rule is well settled that "The driver of a car following a few feet behind another, under circumstances such that he should anticipate the possibility of obstruction or trouble of some sort, should have his car under such control or proceed at such a rate of speed that he can stop at once if the car in front stops." See Vol. II of Blashfield's Cyclopedia of Automobile Law and Practice, Perm.Ed., § 942, at page 96, quoted with approval in Hill v. Knight, La. App., 163 So. 727.
[2, 3] It should have been obvious to Mrs. Streckfus, in view of the general traffic congestion at the crossing, that the Vienne car might be required to come to a sudden stop at any moment. Therefore, she should have had her car under such control that it could have been stopped immediately. Nor do we think that Miss Marguerite Vienne can be said to be guilty of contributory negligence, even if it be conceded that she failed to give a hand signal prior to making the alleged abrupt stop. Such a failure on her part, in our opinion, had absolutely no causal connection with the accident as she was entitled to believe, in view of the traffic conditions presented, that the driver of the car to her rear would anticipate that an abrupt stop *Page 156 
might be required. Moreover, we do not believe that the evidence clearly establishes that the accident occurred in the manner portrayed by the defense witnesses, as plaintiffs and their witnesses are just as positive that no starts or sudden stops were made prior to the collision. In truth, a review of the record makes it plain that the defendants are liable and that the only serious questions presented for determination are the quantum of damages allowed below.
[4] Miss Marguerite, the driver of the Vienne car, claims that she sustained a painful injury to her right knee, contusions of the muscles of her neck, shoulders and chest and post-traumatic nervousness. She testified that she was confined to her bed for one week as a consequence of her injuries, lost five days pay from her work as teacher at McDonough High School and that she still suffers with her knee injury. Her physician, Dr. Roy Harrison, corroborates her testimony as to the nature of her injuries and her confinement. In addition, she has proved that she was compelled to defray the following expenses resulting from the accident. Doctor's bill $50; X-Rays $7; drugs and medicine $6.25; repairs to the Vienne car $22.57; loss of salary $15, making a total of $100 82, which is the exact sum allowed her by the jury.
It was shown, however, that the plaintiffs were involved in another accident, similar to that presented in the case at bar, on November 1, 1938, and it is contended by defendants that Miss Marguerite sustained no appreciable injuries in the Chalona accident but that her sufferings are due to the prior "Farley" accident.
The answer to this contention is found in the testimony of Dr. Harrison, who treated Miss Marguerite for the injuries received by her in both accidents. His statement is to the effect that, while her injuries consisted merely of contusions and bruises and may not be regarded as severe, they were sufficient to confine her for the time set forth in her petition. Under these circumstances, it is manifest that the verdict of the jury for $100.82, representing Miss Marguerite's actual expenses as a result of the accident, is wholy inadequate as nothing has been awarded to her for her mental anguish, pain and suffering. The amounts generally awarded in this State for contusions and bruises, unaccompanied by permanent disability or other complications, range between $300 and $500. Considering the evidence as a whole, we feel that a total award in Miss Marguerite's favor for $500, which includes her actual expenses, will be more in accord with allowances heretofore made in cases of a similar character.
When we come to consider the injuries sustained by Miss Madeline Vienne, we find ourselves confronted with a perplexing problem. The record in the case is a very long one and consists, in a large part, of conflicting medical testimony respecting Miss Madeline's hurts. Counsel for defendants, pointing to the fact that the Vienne automobile was damaged only to the extent of $22.57 and that the Chalona car was damaged not more than $9.50, maintain that the impact was inconsequential and, surely, not one which would produce the serious damages claimed by Miss. Madeline.
We quite agree with counsel that the blow received by the Vienne car was not of such force as to cause, ordinarily, severe and serious injuries to a person enjoying a fair amount of good health. But it appears from the record that Miss Madeline was a very unhealthy individual, broken in body and spirit, as a result of a series of illnesses, operations and other accidents antedating the one in question. Albeit, according to the medical experts produced by plaintiffs, Miss Madeline was in a terrible physical and mental state prior to the accident and it is their claim that this so called "slight" accident accentuated and aggravated her condition to the extent that it retarded, for many months, a normal recovery from her pre-existing ailments.
The history of Miss Madeline's case is as follows: (a) Serious abdominal operation at the age of five for intestinal obstruction; (b) injury in automobile accident in 1930, known as the "Fillippoli" accident; (c) injuries suffered in derailment of New Orleans Public Service street car *Page 157 
later in 1930, consisting of a broken back in two places and also a broken coccyx; (d) "Farley" automobile accident in 1938; (e) infected kidney or bladder and (f) congenital recto vaginal fistula which was relieved by operation performed in May 1939.
Miss Madeline claims that, as a result of this accident, she sustained severe traumas of the head and face, hemorrhage from nose, bulging eyes, sinus trouble, severe contused strains of neck, back and spine, chest, abdomen, arms and legs and right knee, injuries to and infections of bladder and both kidneys, profound shock, pain and anguish, fright and apprehension, post-traumatic pleurisy, sciatica, mental depression and melancholy. She further says that, after the accident, she was continuously confined in bed at her residence for two months and confined to the residence, but not continuously in bed, for one month thereafter; that, on May 9th, she was taken to the Southern Baptist Hospital where she remained under treatment for a period of two months, or until July 9, 1939, at which time she was returned to her home by ambulance and was thereafter continuously in bed for a period of twelve days, or until July 20th; that, on or about July 25, 1939, she developed pleurisy which confined her to bed until August 2nd and that, thereafter, her physician recommended that she be taken to the Ozone Belt in St. Tammany Parish for convalescence where she remained until September 1st. In addition to her claims for personal injuries, she asserts that her actual expenses for treatment, consisting of doctors and hospital bills, nurses fees, medicines, etc., amounted to $1649.38 and also that she has lost $220 salary as a teacher in McDonough High School during her absence from February 8th to June 9th 1939.
When we consider the nature of the impact between the Chalona and Vienne cars, it is difficult to conceive, as we have above indicated, that an accident of this sort would produce the various injuries and subsequent confinement complained of by Miss Madeline. On the other hand, the evidence of her physician, Dr. Roy Harrison, and Dr. Charles R. Hume, Dr. Cassius L. Peacock and Dr. Edmund McC. Connely, a psychiatrist, makes it clear that it is their belief that the traumatic injuries sustained in the Chalona accident greatly aggravated the physical and mental infirmities of the young lady (30 years old) at a time when she was on the road to recovery from her previous disabilities.
Opposed, however, to the opinions voiced by plaintiffs' medical experts are the conclusions reached by Dr. John F. Oakley, Shirley C. Lyons, C.S. Holbrook, H.R. Unsworth and John O. Redding, who examined the lady for the defendants on different occasions during 1939 and 1940. Their testimony is that they cannot see any connection between her ailments and the Chalona accident. Some of these doctors, notably Dr. Shirley Lyons, voice the belief that Miss Madeline's troubles are traceable to the serious injuries she sustained in the street car accident of 1930 which, when coupled with other accidents (prior to the one in question) and congenital bodily defects and deficiencies, keep her in a nervous state. Dr. Lyons appraises her case in the following language. "* * * I think she just had a whole series of bad breaks and she just doesn't feel up to par. But, so far as finding any actual physical things, it just can't be done except for this slight limitation in her neck and back." Other experts for the defense, notably Dr. Unsworth, are of the opinion that Miss Madeline is a malingerer.
[5] We have no doubt as to the sincerity of the opinions expressed by all of the experts and, because of the divergent views of these eminent physicians, it is a formidable task for us, as laymen, to venture the opinion that one set of doctors or the other is mistaken in their appraisal of the situation. However, it appears to us that, since Dr. Harrison has had the advantage of treating Miss Madeline for a long period of time and is intimately acquainted, through personal contact, with the nature of her disabilities, whereas, the doctors for the defendants have examined the lady once only or possibly twice and are forced to depend in large measure upon the history of her ills in formulating their views, the former's opinion is entitled to *Page 158 
be accredited more weight. Because of this, and also by reason of the fact that Miss Madeline actually suffered a long period of confinement immediately following the occurrence of the Chalona accident, we think that it is more consonant with good reason to conclude that the injuries sustained in that accident, however slight, had the effect of activating, in some degree, the prior disabilities and infirmities suffered by the lady and that it was a contributing cause to her long confinement.
However, when we attempt to measure the extent to which the effects of the Chalona accident aggravated the lady's prior condition, we are necessarily forced into the realm of speculation. By this we mean that, whereas we feel reasonably certain that Dr. Harrison's appraisal — to the effect that the lady's body and mind was healing as well as could be expected from the shocks of prior traumas and diseases and that the occurrence of the Chalona accident not only retarded her recovery but that it activated and intensified her bodily hurts and mental suffering — is correct, we experience difficulty in fixing in dollars and cents the amount of the aggravation of Miss Madeline's prior injuries which are attributable to the Chalona accident and also find it impractical to gauge with any exactness the extent to which the expenses borne by her following the Chalona accident are chargeable exclusively to that mishap. We can well imagine that the jury which heard this case encountered the same perplexities and doubts and it is difficult to perceive the process of reasoning by which it fixed the damages of Miss Madeline to be the sum of $1762.
[6] On the other hand, since we are of the opinion that the Chalona accident had causal connection with the subsequent disability and confinement of Miss Madeline, she is unquestionably entitled to compensatory damages from the defendants. The extent of the connection between the accident, the disability and the expenses is, confessedly, as above indicated, a matter not susceptible of determination with any degree of accuracy and the judgment in damages must necessarily, as in all negligence cases, be based on judicial appraisal and discretion. Standards and prior adjudications cannot perforce be of assistance here. After much thought, we have concluded that the award below is somewhat inadequate and feel that an allowance of $2500 for the lady's pain, suffering and expense will afford ample and just compensation.
For the reasons assigned, the judgment appealed from is amended by increasing the award in favor of Miss Marguerite Adelaide Vienne to the sum of $500 and the award in favor of Miss Mary Madeline Vienne to the sum of $2500. As thus amended, the judgment is affirmed. Defendants and appellees are to pay the costs of this appeal.
Amended and affirmed.