BOLIN, Judge.
Plaintiffs in these consolidated cases were injured while guests in an automobile driven by Herbert D. Knight which was involved in an accident with a car driven by Joseph B. Tiner. Plaintiffs, claiming the accident was caused by the concurrent negligence of both drivers, made such parties and their liability insurers defendants. Prior to trial Knight and his liability insurer compromised and settled the claims against them but plaintiffs reserved their rights against Tiner, his employer and their insurers. After trial on the merits the lower court concluded the accident was caused solely by the negligence of Knight and rejected plaintiffs’ demands against the other defendants, from which all plaintiffs appeal.
Knight and Tiner were driving their vehicles west on U. S. Highway 80 between Minden and Shreveport. At the time of, and immediately preceding, the accident each was traveling about 55 or 60 miles per hour with Knight in the lead and Tiner following approximately 150 to 200 feet to the rear. The road on which the accident occurred was a four-lane highway with a wide, grassy neutral ground separating the east and westbound traffic. The road was level and almost straight in the vicinity of the accident. The collision occurred during daylight hours when weather and visibility were excellent. As the two parties were traveling along at approximately equal speeds, each in the right or outside lane, Knight apparently took his eyes momentarily from the road in order to remove a burning cigarette from the car’s ashtray. His vehicle veered to the right, struck a concrete abutment, after which he lost control and the car bounced to its left. Almost immediately thereafter it was struck by the following automobile of Tiner allegedly causing or aggravating the injuries to plaintiffs herein.
The first thing Tiner noticed was a slight veering to the right of the Knight car and almost simultaneously therewith it struck the abutment with such severity it sheared *58 the entire right side of the car, after which it careened to its left and finally came to rest in the inside lane, more or less blocking both lanes. Some of the doors apparently came open causing articles within the car to fly therefrom resembling an explosion. After noting Knight’s car strike the abutment, Tiner pulled his vehicle to his left and applied his brakes but was unable to avoid the collision.
The negligence of Knight is conceded. Plaintiffs specify several acts of negligence against Tiner but the gist of all such charges is that he was following the Knight vehicle too closely and not keeping a proper lookout. The duty imposed on the driver of a following vehicle is set forth in LSA-R.S. 32:234(A) as follows:
“The driver of a motor vehicle shall not follow another vehicle more closely than is reasonable and prudent, having due regard to the speed of such vehicle and the traffic upon and condition of the highway.”
While no written reasons were assigned by the district judge, we are informed by briefs that he decided Tiner’s actions in following the Knight vehicle were reasonable and prudent and that the case was controlled by the decision in Nomey v. Great American Indemnity Company (La.App. 2 Cir., 1960) 121 So.2d 763 (writs denied).
We think the judgment appealed from is correct. While many cases have been cited by energetic and capable counsel for plaintiffs, which they feel are favorable to their contention that Tiner was not following the Knight vehicle in a careful and prudent manner, we see no necessity of analyzing all such cases. In the first place, the statute makes it amply clear that what is reasonable and prudent must be determined from all the circumstances of each particular case. In the second place, we likewise think the Nomey case, supra, is controlling, where this court held:
“We think our jurisprudence has firmly established the rule that failure to-maintain a specified distance between, automobiles does not of itself constitute-negligence; that a driver is entitled to rely upon the assumption that the car ahead is being driven with care and caution in accordance with the law of the road and that the driver thereof will not commit acts of negligence which will endanger the following traffic.”
In the present case, Tiner was not confronted with any circumstances indicating the necessity of anticipating a grossly negligent act on the part of Knight which caused his vehicle to strike the concrete-abutment, seemingly explode in mid-air and thereafter come to rest partially blocking both lanes of travel. Neither statute nor jurisprudence has established any inflexible rule as to the exact distance or speed a. vehicle must follow another. The question, always resolves itself into what is reasonable and prudent under the circumstances. We think Tiner’s actions were both reasonable and prudent.
Appellants raise the additional point that Tiner should have been following Knight’s automobile from a position in the left or inside lane. From such position, it is argued, Tiner’s vehicle would not have been directly to the rear of Knight’s car and the collision would have been less likely to have occurred. No statutory law is-cited to maintain such contention and the facts do not show it would have prevented the collision.
For the reasons stated, all judgments in the consolidated cases are affirmed at appellants’ costs.
Affirmed.