192 So.2d 241 (1966)
Cecile LAFLEUR, Wife of/and John L. TAYLOR
v.
GENUINE PARTS COMPANY and Hardware Mutual Casualty Company.
No. 2351.
Court of Appeal of Louisiana, Fourth Circuit.
November 7, 1966.
Rehearing Denied December 5, 1966.
Writ Refused January 20, 1967.
*242 Jerome P. Halford, Metairie, for plaintiffs-appellants.
Gordon F. Wilson, Jr., of Hammett, Leake & Hammett, New Orleans, for defendants-appellees.
Before McBRIDE, REGAN and BARNETTE, JJ.
McBRIDE, Judge.
On July 2, 1963, about 7:45 p. m., an automobile driven by James Hudgins ran into the rear of a car driven by John L. Taylor in which the latter's wife was a passenger and as a result of the collision she allegedly sustained injuries. This is a joint suit brought by Mr. and Mrs. Taylor against Genuine Parts Company, owner of the automobile which Hudgins was driving, and its liability insurer, Hardware Mutual Casualty Company; Mrs. Taylor seeks recovery of damages for her injuries and Mr. Taylor prays for judgment for the damage sustained by his automobile and also for the medical expenses incurred in connection with his wife's injuries.
After a trial on the merits the suit was dismissed and plaintiffs have taken this appeal.
Both vehicles were traveling in an easterly direction on Veterans Memorial Highway in Jefferson Parish, on which the speed limit is 45 miles per hour. Just prior to the accident traffic was stopped for a red light at the intersection of Sena Drive. Both cars were links in a chain of traffic in the extreme lefthand lane of the highway. An unidentified car was first in line, the Taylor vehicle was second and the car Hudgins was driving was third, several other vehicles being behind Hudgins. Other automobiles were in line in the lane to the right. When the traffic light at Sena Drive turned green the first vehicle in the left lane started forward. Taylor accelerated normally and followed the first car, and Hudgins started behind the Taylor vehicle, remained 1½ car lengths to its rear, and maintained approximately the same speed which settled to about 20 to 30 miles per hour. When the vehicles had traveled about 75 to 80 feet after the light had turned green, the Taylor vehicle came to an abrupt stop, or at least slowed to an extremely low rate of speed, five miles per hour or less. The Hudgins car could not be brought to a stop and crashed squarely into the rear of the Taylor automobile. The cause of Taylor's abrupt deceleration of speed was due to the fact that a dog suddenly jumped from a passing car on the right and ran into the path of Taylor's car. Taylor instinctively and immediately applied the brakes.
*243 The petition charges that Hudgins was guilty of negligence which consisted of following too closely, failing to keep a proper lookout, and not keeping his vehicle under proper control. The defendants denied negligence on the part of Hudgins.
Appellants contend that the accident occurred because of the negligent conduct of Hudgins in the above respects in violation of R.S. 32:81(A), which reads:
"The driver of a motor vehicle shall not follow another vehicle more closely than is reasonable and prudent, having due regard for the speed of such vehicle and the traffic upon and the condition of the highway."
There is a well established general rule succinctly stated in a syllabus which appears in Crow v. Alesi, La.App., 55 So.2d 16:
"A motorist following other traffic must keep his automobile at a safe distance behind so as to enable him to stop his automobile in a sudden emergency."
We are cited to several cases by counsel for appellants involving rear-end collisions in which the following driver was held negligent and it is contended said cases are pertinent to the issue herein.
Dykes v. Lowrance, La.App., 146 So.2d 171 is inapplicable. While the court in that case held both drivers negligent in a rear-end collision the following motorist was deemed guilty, not for following so closely that he could not stop, but because he was "* * * negligent in not keeping a proper lookout for traffic ahead of him."
In Vienne v. Chalona, La.App., 28 So.2d 154, the lead car driven by Miss Vienne and the car following, operated by Mrs. Streckfus, were stopped at a railroad crossing. When the train had passed and traffic resumed motion, both vehicles proceeded forward. When the lead car had traveled 50 feet it stopped suddenly without warning and was run into by the following car. Counsel contends that the court in holding the following driver negligent did so on the premise that it was because she was driving too closely behind the forward car. The following driver was held to be negligent because she should have anticipated a sudden stop by the car ahead, saying:
"It should have been obvious to Mrs. Streckfus, in view of the general traffic congestion at the crossing, that the Vienne car might be required to come to a sudden stop at any moment. Therefore, she should have had her car under such control that it could have been stopped immediately. * * *"
Burns v. Evans Cooperage Co., 208 La. 406, 23 So.2d 165, was decided on facts vastly different from those before us. Therein the court held that the driver of an automobile overtaking another from the rear must exercise a "great deal" of care, must keep a safe distance behind, and must have his automobile under such control as to avoid injury to the automobile ahead.
In Murray v. Shreveport Transit Company, La.App., 188 So.2d 710, an automobile was followed closely by defendant's trolley. At an intersection the signal light was red, whereupon both vehicles were brought to a stop with the trolley being a few feet to the rear of the automobile. Upon a change of lights to a favorable signal, the automobile proceeded into the intersection about a car's length, when its motor began to sputter, slow down and stop. The car was struck from the rear by the trolley and knocked several feet forward. The court held the trolley operator guilty of negligence commenting:
"To start from `stop' and proceed slowly, followed by a reduction in such speed, or even a complete stoppage in a distance of a car's length, could not be correctly said to be sudden or to constitute an emergency to a following vehicle operating at a proper speed and at a safe distance to the rear." (Italics ours).
*244 In Max Barnett Furniture Co. v. Barrosse, La.App., 70 So.2d 886, which was not cited by appellants, our predecessors held the following driver guilty of negligence in crashing into the lead car which was abruptly stopped due to its driver's negligence. There was only an interval of about 10 to 15 feet between the vehicles during a heavy rain on a very slippery street with an abnormally high wind prevailing.
In Ray v. State Farm Mutual Automobile Insurance Co., La.App., 152 So.2d 566, another case not cited, the following driver was held guilty of concurrent negligence in a rear-end collision because the court was of the opinion he should have anticipated a stop by the forward vehicle. The court said that both drivers were "* * * fully aware that the underpass afforded a darkened passageway, in the bottom of which was usually standing water."
The clear distinction between the facts in the above cases and those attending the instant case should at once be perceived.
In Hill v. Knight, La.App., 163 So. 727, the court recognized that in cases involving rear-end collisions "* * * no hard and fast rule can be laid down. Each case must be decided according to its own peculiar conditions." There a truck stopped suddenly to pick up a passenger and was run into by an automobile which followed. The court absolved the driver of the automobile from negligence, saying:
"We recognize and approve the rule of law that a following driver should drive at such a speed and maintain such an interval that he can avoid collision with the leading car, under circumstances which should reasonably be anticipated by him. * * *"
Cases in which that rule was followed are: Soudelier v. Johnson, La.App., 95 So. 2d 39; Rhea v. Daigle, La.App., 72 So.2d 643, (cert. den.) Adams v. Morgan, La. App., 173 So. 540.
Our jurisprudence is settled as to the point that failure to maintain a specific distance between automobiles does not constitute negligence per se. Nomey v. Great American Indemnity Company, La.App., 121 So.2d 763, (cert. den.); Tatum v. Travelers Insurance Company, La.App., 155 So.2d 56. In the latter case a driver who followed the lead car closely was held not guilty of negligence because he was not bound to anticipate that the automobile ahead would strike a concrete abutment and come to rest blocking the roadway. The court said:
"In the present case, Tiner was not confronted with any circumstances indicating the necessity of anticipating a grossly negligent act on the part of Knight which caused his vehicle to strike the concrete abutment * * *."
The court in Broussard v. Savant Lumber Company, La.App., 134 So.2d 369, said:
"A driver is not negligent for following a preceding vehicle too closely, when he maintains an interval sufficient for reasonable foreseeable hazards * * *."
In Nomey v. Great American Indemnity Company, supra, the court followed the rule of Hill v. Knight, supra, and absolved from negligence the following driver who was held not to be under the duty of anticipating a negligent act of the forward driver. The court said:
"In the instant case Mrs. Thomas was not confronted with any circumstance which would indicate the necessity of anticipating a grossly negligent act on the part of the driver of the Beck automobile. To sustain the charge of negligence against Mrs. Thomas would require a complete disregard of the rules and principles enunciated supra. * * *"
In McDaniel v. Capitol Transport Co., Inc., 35 So.2d 38, the late Court of Appeal, First Circuit, stated the general rule thus:
"`In trailing other cars, a motorist must govern his speed or keep back a reasonably *245 safe distance so as to provide for the contingency of a car in front suddenly stopping, and so that he can stop without a collision, or can turn out sufficiently to pass the vehicle in front without going across the street in the way of traffic approaching from the opposite direction, * * *."
The court, after citing Hill v. Knight, supra, then quoted from Blashfield's Cyclopedia of Automobile Law as follows:
"`The only rule that can govern the interval to be maintained is that of reasonable care under the circumstances. The mere fact that a vehicle is moving in close proximity to a moving vehicle ahead and keeping up with it does not of itself constitute negligence. In determining whether or not a driver was negligent in not maintaining a proper distance between his automobile and the one preceding him, the speed at which he was traveling, the condition of the road, the amount of traffic, the condition of his brakes, and his ability, acting with ordinary care, to stop his car if required to do so by a situation not produced by another's negligence, should be considered.'"
In Self v. State Farm Mutual Automobile Insurance Co., La.App., 183 So.2d 68, cited on behalf of appellants, the court held that the plaintiff driving the lead automobile did not stop any more abruptly than appeared to him to be necessary after observing a tube suspended across the highway by state troopers; that defendant driver, who struck plaintiff's automobile from the rear, should have anticipated that plaintiff would reduce his speed because of the installation by the officers of a timing device and he was negligent in following too closely behind plaintiff's automobile under these circumstances and in failing to maintain a proper lookout. The court said:
"The law imposes upon a following motorist a duty to exercise great care, sometimes referred to as extraordinary care. Evans v. Thorpe, La.App. 2 Cir., 175 So.2d 418. As a rule, when the following vehicle collides with the rear of a lead car, the following driver is considered to be at fault. An exception to this general rule of law has been recognized, however, in instances where the driver of the lead vehicle negligently creates a hazard which the following vehicle cannot reasonably avoid. Zeno v. Breaux, La.App. 3 Cir., 164 So.2d 666, Emmco Insurance Co. v. St. Lawrence, La.App. 4 Cir., 127 So.2d 202, and Dykes v. Lowrance, La.App. 3 Cir., 146 So.2d 171."
* * * * * *
"The driver of a car following a few feet behind another, under circumstances such that he should anticipate the possibility of obstruction or trouble of some sort, should have his car under such control or proceed at such a rate of speed that he can stop at once if the car in front stops. * * *"
In Reeves v. Caillouet, La.App., 46 So. 2d 373, the court quoted with approval from Adams v. Morgan, La.App., 173 So. 540, which laid down the following rule:
"`The best and safest rule which it seems possible for the governing authorities and the courts to have formulated is the one which requires the driver of the car following another to maintain such speed and such distance from the lead car as to be able to meet the usual and ordinary movements of a car using the highway. Such in effect is the provision of our own State Highway Regulatory Act, Rule 8(a), Section 3 of Act No. 21 of 1932. * * *"
In Stevenson v. Campbell, 17 La.App. 142, 134 So. 718, we find that the court held that no driver is required to be on guard for unusual situations that might suddenly and unexpectedly arise. This case, reported in 104 A.L.R., p. 488, involved a three car accident wherein the following vehicle was absolved of negligence, due to a sudden and unexpected occurrence.
*246 From 104 A.L.R., p. 488, the following language is extracted:
"However, it has been held that no driver is required to be on guard for unusual situations that may suddenly and unexpectedly arise. Stevenson v. Campbell (1931) 17 La.App. 142, 134 So. 718, where defendant's truck, behind which the plaintiff's truck was being driven, negligently collided with an oncoming automobile, throwing that car into the path of the plaintiff's truck, and it was held that the plaintiff was not negligent in driving from 25 to 30 feet behind the vehicle ahead, at a speed of from 25 to 30 miles per hour, no driver being required to be on guard for such an unexpected happening. * * *"
The gravamen of the argument advanced by appellant's counsel is that the general rule, to the effect that the driver of the following vehicle is considered to be at fault when his vehicle collides with the rear of the lead car, is applicable in the instant case. It is contended that the exception to the rule does not control the situation because Taylor was not guilty of negligence in applying his brakes when the dog appeared before him and thus he did not "negligently create a hazard."
Our opinion is that under the expressions of the courts in the above cited cases, while the driver of the following automobile is charged with operating his car so as to have it under control, he is only held liable for not avoiding foreseeable dangers and emergencies whether or not created by the forward driver's negligence, not being held to the duty of anticipating an occurrence such as this case presents as where a dog suddenly darts across the path of the lead vehicle. The paved highway on which traffic was moving in lines was open and unobstructed. Nothing appears showing that atmospheric and weather conditions or the condition of the roadway were not conducive to good driving. To both drivers' left was a canal and no intersecting street was involved. The cars were traveling well below the legal speed limit. There is no showing that the brakes on the Hudgins' car were defective. It is true under our ruling in King v. Vico Insurance Co. of St. Louis, La.App., 182 So.2d 135, the forward driver might not have been negligent in stopping abruptly to avoid striking the dog but nevertheless Taylor's maneuver was sudden, unexpected and certainly not foreseeable by Hudgins to whom no negligence can be ascribed. There was no reason at all why Hudgins should have anticipated the abrupt stop by the Taylor car as that stop was as unforeseeable to him as was the appearance of the dog to Taylor.
The judgment appealed from is therefore affirmed.
Affirmed.
REGAN, J., concurs.