BARNETTE, Judge.
The plaintiff, the automobile insurer of Barbara L. Johnson, paid its insured $206.-85 under the terms of its collision insurance coverage, representing damages to insured’s automobile, less $100 deductible. This suit was brought by it, as subrogee of its in-* sured, for recovery of that amount from defendants, Mr. and Mrs. Joseph L. Tam-burello, based on the alleged negligence of Mrs. Tamburello in the operation of her automobile which collided with the automobile of Mrs. Johnson.
The defendants answered denying negligence and alternatively pleading the contributory ngligence of Mrs. Johnson, and as third party plaintiff they impleaded Cortis *138 Brown, the owner of another car involved in the accident, for such sum as they may be cast in favor of the plaintiff.
Judgment was rendered in favor of plaintiff, Volkswagen Insurance Company, against the defendants as prayed. The third party demand was dismissed, and the defendants, Mr. and Mrs. Tamburello, have appealed.
The automobile accident in question occurred on the Greater New Orleans Mississippi River Bridge on December 12, 1965, at about 1:45 p. m. All three vehicles were travelling toward the west bank of the river. It was raining at the time.
The Chevrolet station wagon driven by Robert E. Brown and owned by his father, Cortis Brown, was proceeding on the bridge in the inside, or left, lane of traffic. Mrs. Tamburello, driving a Ford automobile, was proceeding in the same lane about three car lengths behind Brown. The speed of both vehicles was about 35 miles per hour and within the legal limit. The Volkswagen driven by Mrs. Johnson was proceeding at about the same speed approximately 50 to 60 feet behind Mrs. Tamburello, but in the right-hand lane of traffic.
An unidentified automobile ahead of Brown made an abrupt turn into the right lane to avoid striking an obstruction lying on the bridge. Brown, upon seeing the obstruction, which was later found to be the bumper from an Oldsmobile which had been involved in an earlier accident, brought his Chevrolet station wagon to a sudden stop. Mrs. Tamburello attempted to stop. Upon application of brakes her car skidded at an angle partly into the right traffic lane. Her car struck the Brown car and was struck by the oncoming Johnson automobile in the right traffic lane.
The damage to the Johnson automobile was stipulated to be $306.85 and that sum, less the $100 deductible amount of the policy, was paid by plaintiff to repair her automobile. The only question for our consideration therefore is that of liability.
There is no serious disagreement among the parties that the accident happened substantially as we have related above. From these facts, the defendants-appellants argue that there was no negligence on the part of Mrs. Tamburello and that she, being free from negligence, was without fault upon which liability under LSA-C.C. art. 2315 must rest. They further argue that Mrs. Tamburello was confronted with a sudden emergency and should not be held to the same degree of responsibility as one acting under ordinary circumstances. They rely on the principle of law stated in Wiley v. Sutphin, 108 So.2d 256 (La.App.2d Cir. 1958). There the court said at p. 260:
“Negligence is a want of ordinary or reasonable care, which should be exercised by a person of ordinary prudence under all the circumstances in view of the probable danger of injury; and ordinary, reasonable or due care is that degree of care, which, under the same or similar circumstances, would ordinarily or usually be exercised by,- or might reasonably be expected from, an ordinarily prudent person. [Authorities omitted.]
“Under LSA-C.C. art. 2315 respecting liability for damages, liability is founded upon fault, and whether or not fault exists depends upon the facts and circumstances presented in each particular case. In the determination of the question of fault as respecting liability for damages, a common sense test is to be applied, that is, how would a reasonably prudent man have acted or what precautions would he have taken if faced with similar conditions and circumstances? The degree of care to be exercised must always be commensurate with the foreseeable danger confronting the alleged wrongdoer. * * * ”
In the recent case of Taylor v. Genuine Parts Company, La.App., 192 So.2d 241 (1966), we had occasion to review rather fully the law applicable to situations such as that presented here. The Taylor case involved a rear-end collision in which an occupant of the front automobile sought *139 recovery of damages from the owner of the following car for injuries sustained when the front vehicle was struck from the rear by the following automobile after the first vehicle had stopped suddenly on a heavily travelled thoroughfare. Recovery was denied on the conclusion that under the prevailing circumstances the driver of the following car was not negligent.
The driver of the lead vehicle in that case instinctively stopped suddenly when a dog jumped out of another automobile directly into the path of his car. The following automobile was unable to stop and the rear-end collision followed.
Unlike that case, the plaintiff in this case is not the occupant or owner of the first automobile but a third party who collided with the second automobile. However, the negligence vel non of the following car here is at issue just as it was in the Taylor case.
In the Taylor case we recognized the general rule as stated in a syllabus to Crow v. Alesi, 55 So.2d 16 (La.App. 1st Cir. 1951):
“A motorist following other traffic must keep his automobile at a safe distance behind so as to enable him to stop his automobile in a sudden emergency.”
In Taylor we also discussed a number of pertinent cases and pointed out that in Burns v. Evans Cooperage Co., 208 La. 406, 23 So.2d 165 (1945); Murray v. Shreveport Transit Company, 188 So.2d 710 (La.App.2d Cir. 1966); Ray v. State Farm Mutual Automobile Insurance Co., 152 So.2d 566 (La.App.2d Cir. 1963); Dykes v. Lowrance, 146 So.2d 171 (La.App.3d Cir. 1962) ; Max Barnett Furniture Co. v. Barrosse, 70 So.2d 886 (La.App.Orleans 1954); and Vienne v. Chalona, 28 So.2d 154 (La.App.Orleans 1946), the drivers of the following vehicles were found to be negligent under the circumstances of each particular case. See 192 So.2d at pp. 243-44.
In the Taylor case we also recognized the exceptions to the general rule cited in Hill v. Knight, 163 So. 727 (La.App.2d Cir. 1935), that no hard and fast rule can be laid down in these “rear-end” situations. ' Each case must be decided according to its own peculiar conditions. In the Hill case the court said:
“We recognize and approve the rule of law that a following driver should drive at such a speed and maintain such an interval that he can avoid collision with the leading car, under circumstances which should reasonably be anticipated by him. * * * ” 163 So. at 729.
Other cases cited (see 192 So.2d at p. 245) hold the driver of the following vehicle is not negligent per se for failure to maintain a specific distance, but rather negligence is to be determined by all of the facts. Of material significance is the question of whether or not the conditions are such that the following driver should anticipate, as a reasonably prudent person, that the lead vehicle might suddenly stop.
In Self v. State Farm Mutual Automobile Insurance Co., 183 So.2d 68 (La.App.3d Cir. 1966), the court recog;-nized the general rule imposing a heavy responsibility on the driver of the follo’w-ing vehicle, citing cases. But the co'urt recognized the exception and said:
“ * * * An exception to this gen .eral rule of law has been recognized, However, in instances where the driven- of the lead vehicle negligently crea'tes a hazard which the following vehiclf; cannot reasonably avoid. Zeno v. Breaux, La.App. 3 Cir., 164 So.2d 666, Emmco Insurance Co. v. St. Lawrence, La.App. 4 Cir., 127 So.2d 202, and Dykes v. Lowrance, La.App. 3 Cir., 146 So.2d 171.” 183 So.2d at 71.
See also Reeves v. Caillouet, 46 So.2d 373 (La.App. 1st Cir. 1950); Stevenson v. Campbell, 17 La.App. 142, 134 So. 718 (2d Cir. 1931); and 104 A.L.R. 488, cited and *140 discussed by us in the Taylor case at 192 So.2d at pp. 245-46.
We said in Taylor:
“Our opinion is that under the expressions of the courts in the above cited cases, while the driver of the following automobile is charged with operating his car so as to have it under control, he is only held liable for not avoiding foreseeable dangers and emergencies whether or not created by the forward driver’s negligence, not being held to the duty of anticipating an occurrence such as this case presents as where a dog suddenly darts across the path of the lead vehicle. * * * ” (Emphasis added.) 192 So.2d at 246.
In other words we concluded that the negligence of the driver of the following car was not to be determined by negligence vel non of the driver of the lead vehicle in stopping suddenly. We reasoned that it is the suddenness of stopping of the lead car rather than the cause for its stopping which determines if the emergency thus created is one which makes the collision unavoidable by the following driver.
To determine the fault of Mrs. 'Tamburello within the jurisprudential rules outlined above and under the circumstances o f this particular case, we must pose three questions. An Affirmative answer to any of ' the three would establish her liability to tho plaintiff. These questions are:
1.Was there any foreseeable condi-ti on in the traffic or any apparent hazard lu.rking in the roadway to alert her to the probability of a sudden stop by the Brown car on the bridge?
2. Was she negligent in suddenly and force fully applying her brakes which causeii her car to skid on the wet pavement? ,
3. \ Vas it an act of negligence to follow the l Brown car across the bridge in the rain at a distance of approximately three car lengths at 35 miles per hour, so as not to be able to stop safely without skidding into the right traffic lane?
We have no difficulty in answering the first two questions in the negative. The trial judge predicated judgment on an affirmative answer to the third question, and we find no error in that conclusion.
We distinguish this case and the Taylor case, supra, insofar as the negligence of the driver of the following car is concerned, in that the condition of the weather and the roadway in the case before us made driving conditions more hazardous than prevailed in Taylor, thus imposing a higher degree of care. We must agree with the trial judge that Mrs. Tamburello was driving too close behind the Brown vehicle under the circumstances to stop safely in an emergency. LSA-R.S. 32:81 (A). It was this negligence on her part which caused her to skid into the right lane and strike the Johnson vehicle.
 This brings us to the defense of contributory negligence on the part of plaintiff’s insured which defendants pleaded alternatively as a bar to recovery. We must dismiss this plea as being entirely without foundation. In the first place there is no rule of law that we know which would require a driver in a different lane on a multiple lane highway to maintain any certain distance between vehicles. Mrs. Johnson was driving at a reasonable and lawful speed, and there was nothing whatever to cause her to anticipate that the Tam-burello automobile would suddenly swerve into her lane of travel.
On the record before us on this appeal, we find no error in the judgment of the trial court dismissing the third party demand.
For these reasons, the judgment appealed from is affirmed at appellants’ cost.
Affirmed.