SARTAIN, Judge.
This is an action by Herman B. Malone for the recovery of personal injuries and damages that resulted from a rear énd collision on U. S. Highway 61 north of the Town of Gonzales. The defendant is the insurer of Reverend Peter Crifasi, driver of the other vehicle involved. From a judgment rejecting demands of plaintiff, he now prosecutes this appeal in forma pauperis.
It is undisputed that the accident occurred on November 25, 1967, at about 1:50 P.M. Malone was driving a 1965 Dodge station wagon that collided with the rear of a 1955 Ford pick-up truck owned by James Owens and being driven at that time by Reverend Peter Crifasi. U. S. Highway 61 runs generally in a north-south direction between New Orleans and Baton Rouge. The vehicles involved in this accident were traveling north in the direction of Baton Rouge in the outside or right-hand lane for northbound traffic. Traffic at the time of the collision was heavy due to the fact that an L.S.U. football game was to be played later that day.
At the trial of the case two very conflicting versions of the accident were testified to by the witnesses.
Herman B. Malone testified as follows: He was a resident of French Settlement and had been employed as an electrician in Lake Charles, Louisiana. Shortly before the accident, he left French Settlement going through Port Vincent to Gonzales where he turned north on U. S. Highway 61 towards Baton Rouge intending to return to Lake Charles. He stated that he *699 drove his automobile in the right or outside lane from the time he entered onto the highway until the accident at a speed of approximately 50 miles per hour. Until moments before the collision, he was following another vehicle by at least three car lengths. The car he was following put on its left blinker signal and applied its brakes and Malone stated he was under the impression at that time, although he could not see immediately in front of the preceding vehicle, that he “thought maybe there was a slow-moving car in front of him”. The vehicle immediately preceding Malone turned into the inside or left lane for northbound traffic at which time Malone asserted that he saw a pick-up truck stopped in the right-hand lane approximately 100 feet ahead. He further testified that two young boys were standing on the right side of the truck and a man dressed in black was standing near the right front fender in front of the boys. Upon seeing the stalled vehicle immediately in front of him, Malone glanced into his rear view mirror and concluded that he could not execute a turn into the left lane nor could be proceed onto the right-hand shoulder to avoid striking the truck because of the presence of the people standing near the truck. His only course of action was to immediately “jam” on his brakes but despite these efforts, Malone was unable to avoid the collision.
Reverend Peter Crifasi testified that on the day of the accident he had borrowed James Owens’ half ton pick-up truck to go about some business in Gonzales and thereafter went to Gonzales in the truck with Owens’ two boys to help him pick up iron elbows at a hardware store. He then intended to proceed to Moran’s Electric Shop located north of Gonzales. He stated he was driving in the right or outside lane for northbound traffic at about 30 miles per hour. Approximately 100 yards before the turn-off to Moran’s, he gave a right turn hand and arm signal maintaining the signal and slowing his vehicle to approximately 10 miles per hour until he was some 50 feet away from the turn-in at Moran’s. He discovered that the store was closed and after withdrawing his arm and proceeding to within 15 or 21 feet of Moran’s driveway, he stated he heard brakes “screeching” to his rear and looking into the rear view mirror, he saw the swerving Malone vehicle. He testified that he was struck in the rear and that he brought his truck to a halt after the impact approximately 40 feet north of the point of collision on the right-hand shoulder of the road. He was emphatic in that at the time of the accident he was driving a moving vehicle and this was corroborated by his two passengers.
Officer C. J. Deslatte was called as a witness on behalf of the plaintiffs. He stated that he was proceeding toward Baton Rouge to L.S.U. for the football game. He testified that traffic on the afternoon of the accident was heavy. He recalled that traffic began piling up and it occurred to him there must have been an accident somewhere on the road whereupon he proceeded onto the right-hand shoulder for northbound traffic to the area of the collision. He testified that he issued no citations but that had there been any evidence in his investigation of the accident to suggest that the pick-up truck had actually been stopped on the highway, he believed that he would have issued a traffic citation.
The trial judge, although he did not hand down written reasons for judgment, apparently believed the testimony of the witnesses for the defendant for he denied plaintiff’s demands. We are of the opinion that the judgment of the trial court is correct.
The well established general rule with respect to rear end collisions is succinctly stated in Taylor v. Genuine Parts Company, 192 So.2d 241 (La.App.1966), writ refused 250 La. 23, 193 So.2d 530, quoting with approval from Crow v. Alesi, 55 So.2d 16 (La.App.1951) as follows:
“A motorist following other traffic must keep his automobile at a safe distance behind so as to enable him to stop his automobile in a sudden emergency.”
*700 The cases are legion that adhere to this general rule. Among them are Vienne v. Chalona, 28 So.2d 154 (La.App.1946); Burns v. Evans Cooperage Company, 208 La. 406, 23 So.2d 165 (1945); Max Barnett Furniture Co. v. Barrosse, 70 So.2d 886 (La.App.1954); Ray v. State Farm Mutual Automobile Insurance Co., 152 So.2d 566 (La.App.1963); and Dykes v. Lowrance, 146 So.2d 171 (La.App.1962). The Taylor case took the opportunity to review rather fully the law applicable to situations presented in the instant case. Further, this court has recently held in Strother v. State Farm Mutual Automobile Insurance Co., et al., 238 So.2d 774 (1970) that the established rule is that a motorist who runs into another vehicle from the rear is presumed negligent and bears the burden of exculpating himself from the inference of negligence citing Prudhomme v. Dore, La.App., 223 So.2d 474; Porter v. Barron, La.App., 185 So.2d 304 and Dominique v. Insurance Company of North America, La.App., 195 So.2d 312.
To the general rule that a following motorist must keep his vehicle at a safe distance behind the preceding vehicle so as to be able to stop in a sudden emergency, there exists an exception as set out in Taylor v. Genuine Parts Co., supra. The court in Taylor recognized the rule of Hill v. Knight, La.App., 163 So. 727, wherein the court stated that in cases involving rear end collisions “No hard and fast rule can be laid down. Each case must be decided according to its own peculiar conditions.” In Taylor the following driver was held free of negligence and the Court concluded:
“Our opinion is that under the expressions of the courts in the above cited cases, while the driver of the following automobile is charged with operating his car so as to have it under control, he is only held liable for not avoiding foreseeable dangers and emergencies whether or not created by the forward driver’s negligence, not being held to the duty of anticipating an occurrence such as this case presents as where a dog suddenly darts across the path of the lead vehicle. * * * Taylor’s maneuver was sudden, unexpected and certainly not foreseeable by Hudgins to whom no negligence can be ascribed. There is no reason at all why Hudgins should have anticipated the abrupt stop by the Taylor car as that stop was as unforeseeable to him as was the appearance of the dog to Taylor.” (Emphasis ours)
We are convinced, as was the trial judge, that under the facts in this case the general rule rather than the exception is applicable. The driver of the following vehicle is not bound to anticipate negligence on the part of other drivers in the absence of anything to indicate otherwise. The care and diligence of the operator of the following vehicle is to be measured in view of the assumption that others will not drive in a negligent manner. However, this assumption is not applicable if the driver sees or should have seen that some other driver will not obey the law. We are of the opinion that Malone should have anticipated that there was an obstruction or a slow moving vehicle immediately in front of the car preceding him in the line of traffic. We refer specifically to the following testimony:
“Q Mr. Malone, would you tell the Court to the best of your recollection what happened on the day of your automobile accident ?
A Well, I was—
Q Speak up, please, so that we can hear you.
A I was going down the Airline Highway in the right-hand lane as the Sergeant said about two miles out of Gonzales — I.would estimate it at that, too- — and traffic was pretty heavy and there was a car in front of me that was, oh, I would say at least fifty feet, and he put on his left-hand blinker and hit his brakes, his stop lights, and I did the same *701 thing and I just thought it was a slow-moving car up front and—
MR. WHITE: What was that last, Mr. Malone? I didn’t hear it.
A I said I thought maybe there was a slow-moving car in front of him. I couldn’t see it in front of him. He had my view blocked and he got a hole in the traffic and he cut out.” (Emphasis ours)
In the cases that follow the exception including Hill v. Knight, 163 So. 727 (La.App.1935); Soudelier v. Johnson, 95 So.2d 39 (La.App.1957); and Taylor v. Genuine Parts Co., supra, the lead vehicle made a sudden and unexpected stop that could not be reasonably anticipated by the following vehicle. Under the facts of this case at the time of the collision, traffic conditions were abnormal due to heavy football traffic. In the language of one of the police officers who investigated the accident, cars on the highway were “bumper to bumper”. Malone saw the car immediately in front of him put on a left turn signal and hit his brakes. He was aware and he thought at that time that there was a slow-moving vehicle or obstruction in front of that car and at that time he should have taken precautions to bring his vehicle under control so as to be able to stop quickly to avoid an obstruction. His failure to react upon becoming aware of the possible obstruction in traffic was negligence which bars his right to recovery in this case.
We have not dealt with the negligence of the Reverend Crifasi because the principal issue for resolution in the instant matter is a factual one and relates primarily to Malone’s negligence. Accordingly, we adhere to the rule that when the record establishes that the person for whose injuries an action is brought is guilty of negligence, it is unnecessary to determine whether the defendant may have been negligent. Comeaux v. State Farm Mutual Automobile Insurance Company, La.App., 231 So.2d 674 and the cases cited therein.
For the above and foregoing reasons the judgment of the trial court is affirmed at appellant’s costs.
Affirmed.