HALL, Judge.
Plaintiff, Dudley Ray Cobb, appeals from a judgment in favor of defendant, Dorsey Edward Betts, his employer, and their liability insurer. The trial judge rejected plaintiff’s claims for damages arising out of a highway accident on a finding that the accident was unavoidable and the defendant was not negligent. We affirm.
This suit involves a rear-end collision which occurred in the early evening on Highway 157, a two-lane blacktop road in Bossier Parish. It was raining and dark at the time of the accident. Cobb was following another vehicle driven by A. W. Perry-man. Just after the two vehicles came over the crest of a small hill Perryman stopped suddenly to avoid hitting a large black dog which darted across the highway. The Cobb vehicle was able to stop about a car length behind the Perryman vehicle. Betts came over the hill at about 35 miles per hour and, observing Cobb’s pickup truck stopped or stopping in his lane of travel an estimated 100 to 150 feet from the top of the hill, applied his brakes. His pickup truck skidded into the back of the Cobb pickup truck. The impact was slight causing minor damage to the bumper and the brace behind it. Plaintiff sustained a whiplash-type injury.
Plaintiff raises as error the trial court’s failure to find that defendant was in violation of LSA-R.S. 32:81 which provides that a driver shall not follow another vehicle more closely than is reasonable and prudent having due regard for the speed of such vehicle and the traffic upon and the condition of the highway. Plaintiff claims violation of the statute is negligence per se. Plaintiff also claims that the defendant failed to exculpate himself from the presumption of negligence on the part of the following driver which arises in rear-end collisions and that under the prevailing circumstances defendant’s conduct was negligent.
The findings of the trial court that defendant was not traveling at an excessive rate of speed, that defendant was not following too closely behind the plaintiff under the existing circumstances, that the accident was unavoidable, and that there was *1086 no negligence on the part of the defendant are amply supported by the evidence.
Defendant was traveling at a reasonable rate of speed. The evidence does not establish that he was following too closely in violation of the statute. Although plaintiff and his passenger testified they saw the lights of defendant’s vehicle behind them as they traveled along the highway, neither testified as to the distance between their vehicle and defendant’s vehicle. The small hill momentarily blocked defendant’s view of the road ahead. Defendant was unable to see the events transpiring in front of him until he got to the top of the rise, at which point there was not sufficient distance for him to stop even under dry conditions. He could not instantly determine whether there was oncoming traffic and there was only a narrow shoulder along the road. Defendant forcefully applied his brakes and almost came to a stop before hitting the plaintiff’s truck, taking the only reasonable action available to him in the face of the sudden emergency. Defendant successfully rebutted the inference of negligence on his part. Grinnel Mutual Reinsurance Company v. Rich, 251 So.2d 450 (La.App. 1st Cir. 1971) writ refused 259 La. 898, 253 So.2d 222 (1971); Taylor v. Genuine Parts Company, 192 So.2d 241 (La.App. 4th Cir. 1966) writs refused 250 La. 23, 193 So.3d 530 (1967).
This case is distinguishable from the cases cited by plaintiff in which the lead vehicle or vehicles made sudden stops in plain view of a following vehicle which was following too closely to avoid a rear-end collision.
The judgment is affirmed at appellant’s costs.
Affirmed.