AYRES, Judge.
This is an action by plaintiffs, husband and wife, for the recovery of damages sustained in an automobile collision between plaintiffs’ automobile, driven by plaintiff Mrs. Logue, and a car owned and operated by defendant Mrs. O’Donley and insured by defendant Firemen’s Insurance Company of Newark, New .Jersey. The matter is before this court on an appeal by plaintiffs from a judgment rejecting their demands.
The accident occurred on Linwood Avenue in the City of Shreveport in the early afternoon of November 11, 1964. Linwood Avenue, in the vicinity of the occurrence, is a 4-lane, paved, main city thoroughfare. Both vehicles were proceeding in a northerly direction when plaintiffs’ car was struck from the rear by the O’Donley automobile.
Negligence charged to Mrs. O’Donley consisted of following plaintiffs’ vehicle too closely, in driving at an excessive rate of speed, and in failing to keep a proper lookout. Mrs. O’Donley was thus charged with the violation of the provisions of the *655 Highway Regulatory Act, LSA-R.S. 32 ;81, subd. A, which provides:
“The driver of a motor vehicle shall not follow another vehicle more closely than is reasonable and prudent, having due regard for the speed of such vehicle and the traffic upon and the condition of the highway.”
The facts material to the charges, as we understand and appreciate the record, are that both Mrs. Logue and Mrs. O’Donley were proceeding in the left inbound traffic lane with their cars separated by a distance of two to three car lengths, or about 40 feet, at a speed of approximately 30-35 miles per hour when a truck was driven abruptly in front of plaintiffs’ vehicle causing Mrs. Logue, according to her testimony, to suddenly and drastically reduce her speed to approximately 10 miles per hour, or, according to the testimony of Mrs. O’Donley and a witness, John Henry Adams, to suddenly stop in front of the O’Donley vehicle.
Defendants’ position is that Mrs. O’Donley was faced with a sudden emergency which afforded her neither time nor opportunity to take effective action to avoid the accident. Plaintiffs, however, stress Mrs. O’Donley’s testimony that at the moment the truck entered the street in front of plaintiffs’ vehicle Mrs. O’Donley had glanced at a truck approaching her from the rear but in the right, northbound traffic lane. In this connection it may be pointed out that the traffic lanes on Linwood Avenue in the vicinity of the accident were, according to the record, narrow and the traffic relatively heavy. In view of these conditions, there was a duty upon the motorist to keep a lookout for traffic not only in the lane ahead but also in the other lanes and to his rear.
Under the facts of this case it would not appear that following another vehicle at a distance of 40 feet or thereabout in itself would constitute negligence. In Leon v. Neal, 34 So.2d 276, 278, La.App., 2d Cir. 1948, this court had occasion to make this observation:
“Plaintiff argues that Neal was traveling too close to him. We do not think so. A motorist traveling in a city, town or over a bridge on which traffic is heavy, violates no law by following another motor vehicle at a distance of forty feet, or thereabout. If this were not true, it is obvious that the rapid progress of such motor traffic would be unreasonably retarded with resulting congestion.”
Nor do we find any merit in the contention that defendant driver was guilty of negligence in that she violated the general rule to the effect that a driver of a following vehicle is required to keep his car under such control as to be able to avoid a collision if a forward car comes to a stop. There is a well-recognized exception to this rule as stated by the court in Emmco Insurance Company v. St. Lawrence, 127 So.2d 202, 203-204, La.App., 4th Cir. 1961. There it was stated:
“One of the exceptions to this general statement of the law is recognized in instances where the driver of the lead vehicle negligently creates a hazard which the following vehicle cannot reasonably avoid.”
 This exception was recognized by this court in Nomey v. Great American Indemnity Company, 121 So.2d 763, La.App., 2d Cir. 1960, wherein it was held that a failure to maintain a specified distance between automobiles does not of itself constitute negligence, and that a driver is entitled to rely upon the assumption that an automobile ahead is being driven with care and caution in accordance with the law of the road and that the driver thereof will not commit acts of negligence which will endanger following traffic. See, also, Tatum v. Travelers Insurance Company, 155 So.2d 56, La.App., 2d Cir. 1963 (writs denied) .
*656 Plaintiffs, however, emphasize the fact that Mrs. Logue created no emergency and was guilty of no negligence, and that, accordingly, the exception is without application because the drivers of the forward vehicles in the cases relied upon were at fault in either slowing or stopping their vehicles without cause or reason therefor. Whether the driver of the forward vehicle, under the circumstances established to exist in the instant case, was or was not justified in abruptly reducing her speed or in stopping is a matter having no bearing upon the question of the negligence, vel non, of the driver of the following vehicle. From the present status of the record it can only be concluded that the fault lies with the driver of the truck which abruptly entered the traffic lane of the forward vehicle.
Moreover, if it could be held that Mrs. O’Donley was at fault in any respect, it cannot, in our opinion, be correctly said that such fault was a substantial factor in the occurrence of the accident. Appropriate to the situation here is an observation of Judge, now Justice, McCaleb, in a dissenting opinion in Kientz v. Charles Dennery, Inc., 17 So.2d 506, 513, La.App., Orl.1944, and later quoted with approval by the Supreme Court in 209 La. 144, 24 So.2d 292, 295 (1945), wherein he stated:
“We are living in an advanced stage of the motor age. Heavy and congested vehicular traffic on the streets and highways is a daily rule rather than an exception. In these circumstances, it is vital to the public interest that the traffic rules and regulations be adhered to strictly (particularly with reference to the traffic semaphore system) as the motorist is, to a large extent, compelled to operate his car in the belief that the law will be obeyed by others. Hence, in gauging the fault which is attributed to one, 'who was operating his car in obedience to positive law, the courts should be convinced that the dereliction was most substantial and that it was such a direct factor that, without it, the accident would not have occurred.”
Whatever dereliction of duty may be charged to Mrs. O’Donley, we are convinced, under the facts established in this case, that it was not substantial or such a factor that without it the accident would not have occurred. Mrs. O’Donley was not confronted with any circumstance indicating the necessity of anticipating a grossly negligent act on the part of the driver of the truck in suddenly driving in front of the forward vehicle, requiring its driver to likewise abruptly and drastically reduce its speed or to stop. We find no basis for concluding that Mrs. O’Donley’s acts were not reasonable and prudent.
For the reasons stated, the judgment appealed is affirmed at appellants’ costs.
Affirmed.