HALL, Judge.
On October 19, 1965 at or about 8:30 A. M. plaintiff, Mrs. Mary Ann Palmisano, was driving her 1958 Ford automobile in a northerly direction in the left hand lane of the northbound roadway of Causeway Boulevard, a four-lane thoroughfare divided by a neutral ground. She was followed in the same left hand lane of traffic by a 1957 Chevrolet operated by Alton J. Thibo-deaux, minor son of George J. Thibodeaux, who with five passengers, all college students, was on his way to a 9:10 A.M. class at LSUNO. A van type delivery truck owned by Loop Laundry & Cleaners, Inc. and driven by Joseph L. Thibodeaux was also traveling in a northerly direction on Causeway Boulevard but in the right hand lane of traffic and several car lengths ahead, or north of, the Palmisano vehicle. In front of the truck in the same right hand lane was a slow moving grass cutter. Desiring to pass the grass cutter, Joseph Thibodeaux, the truck driver, after looking into his rear view mirror to see if it was safe to do so, changed over to the left lane of traffic ahead of Mrs. Palmisano. Mrs. Palmisano applied her brakes and as her car slowed down it was struck in the rear by the Chevrolet driven by Alton Thibo-deaux.
As the result of the impact the Palmi-sano car was severely damaged and Mrs. Palmisano received injuries to her neqk and abdomen for which she was hospitalized.
Mrs. Palmisano and her husband, Frank Palmisano, brought this suit against George J. Thibodeaux (father of the minor Alton Thibodeaux) and State Farm Mutual Automobile Insurance Company, his liability insurer, seeking to recover for their respective damages arising out of the accident.
The defendant, George J. Thibodeaux, excepted to plaintiffs’ petition on the ground that it set forth no right or cause of action against him. State Farm Mutual Automobile Insurance Company filed an answer to plaintiffs’ suit and coupled with it a third party petition against the truck driver, Joseph Louis Thibodeaux and his employer, Loop Laundry & Cleaners, Inc., seeking contribution from them as joint tort feasors in the event judgment should be rendered against it in the main suit.
The exception filed by George J. Thibo-deaux was referred to the merits by the Trial Judge, and the case went to trial. After several witnesses had been heard the plaintiffs sought to amend their petition to make Continental Casualty Company, insurer of Loop Laundry & Cleaners, Inc., a party defendant. Their oral motion to *198 amend was denied by the Trial Judge on the ground that it was not timely made.
At the termination of the trial the Trial Judge being of the opinion that the accident was caused by the sole negligence of the minor, Alton Thibodeaux, rendered judgment in favor of the plaintiff, Mary Ann Palmisano, for her injuries in the sum of $2,500.00 plus interest and costs and in favor of the plaintiff, Frank Palmisano, for the special damages in the sum of $814.60 together with interest and costs, both judgments being against the defendant, State Farm Mutual Automobile Insurance Company. The judgment maintained the exception of no cause or right of action filed on behalf of the defendant, George J. Thibodeaux, and dismissed plaintiffs’ suit as to him. The judgment is silent as to the third party petition of State Farm against Joseph Louis Thibodeaux and Loop Laundry & Cleaners, Inc.
State Farm Mutual Automobile Insurance Company appealed. Plaintiffs are satisfied with the judgment. The only issue is liability. Quantum is not an issue.
Appellant contends that the sole proximate cause of the accident was the negligence of the truck driver in cutting sharply from the right lane into the left lane without proper lookout or signal and that his actions created a sudden emergency for both Mrs. Palmisano and Alton Thibo-deaux; that Alton Thibodeaux was entirely free of fault and when confronted by the sudden emergency did everything in his power to avoid hitting the Palmisano vehicle.
The record does not reflect that the actions of the truck driver created any sudden emergency either for Mrs. Palmisano or for Alton Thibodeaux. The truck driver testified that he pulled over into the left lane after looking into his rear view mirror and observing the Palmisano vehicle “two or three car lengths behind me.”
Mrs. Palmisano testified as to the switching of lanes by the truck driver as follows:
“Q. And the truck cut over to the left in front of you ?
“A. It did.
“Q. And you slammed on your brakes?
“A. No, I didn’t slam them on, I was applying my brakes. He came over into my lane, so I was applying my brakes, and as I was applying my _ brakes,,I was hit.
“Q. As you were applying them, is that correct?
“A. That’s right.

“Q. Well how close were you to this Loop truck when it cut over in front of you ?
“A. I’m not a good judge of that.
“Q. It was close enough that you had to apply your brakes to keep from hitting it, is that correct ?
“A. Well I automatically — -I think anyone automatically would apply their brakes if someone pulled over in front of them.

“Q. You’ve seen people change lanes right in front of you and you have to slam on your brakes ?
“A. No, I didn’t have to do that.”
Mrs. Palmisano indicated that the sole reason she applied her brakes was to increase the distance between her car and the Loop truck. When she was hit from the rear by Alton Thibodeaux’s car Mrs. Palmisano blacked out and did not know whether or not her car struck the truck. She testified:
“Q. Up till the time you were hit from the rear and before you lost consciousness, you were sufficiently behind the Loop truck so that you weren’t going to hit it, is that correct?
“A. Right.”
*199 The truck driver testified that after he had changed lanes and had straightened out and was proceeding on his way he heard a crash and stopped his truck thinking possibly that his truck had been hit although he had felt no jar. When he walked back to investigate he found the Palmisano car stopped twelve feet or so in the rear of his truck and found no damage either to his truck or the front of the Pal-misano car. Alton Thibodeaux himself confirmed that the Palmisano car had stopped “a car length or two” behind the truck. The only testimony tending to show any contact between the Palmisano car and the truck was given by the investigating officer who testified from notes made subsequent to his investigation of the accident which were apparently inaccurate as to this fact.
The young student passengers in Alton Thibodeaux’s car testified but it is apparent that they were not paying any attention and had no clear recollection of what happened except the fact that Alton’s car hit the Palmisano vehicle as it was slowing down.
Alton Thibodeaux testified that the truck cut sharply in front of Mrs. Palmisano; that he was traveling about fifty feet behind her at about forty miles per hour and saw Mrs. Palmisano put on her brakes and try to stop; that he put on his brakes and skidded quite a bit and swerved to the right but was unable to avoid hitting her.
The Trial Judge concluded that:
“The facts as presented to the court indicate that this accident was caused by the negligence of the operator of the Thibodeaux vehicle, Alton Thibodeaux. Although there has been some inference that the truck caused the Palmisano vehicle to come to an abrupt stop there’s no testimony to indicate that she actually stopped. On the contrary, she slowed down, and there was enough space between all of the vehicles that someone of a prudent nature operating the vehicle with prudent control of the car could have avoided the accident. Therefore the accident was due solely to the negligence of Alton Thibodeaux.”
It is well settled that the operator of a following vehicle is required to keep his vehicle under control, closely observe the forward vehicle, follow at a safe distance, and is presumed to be negligent if a rear end collision occurs. See Viator v. Gilbert, La.App., 206 So.2d 106; Barnes v. Toye Brothers Yellow Cab Company, La.App., 204 So.2d 83.
The record establishes that no sudden emergency was created by the truck driver changing lanes. Mrs. Palmisano did not “slam” on her brakes because she had no reason to do so. She did apply her brakes but only to lengthen the interval between her automobile and the Loop truck which she was following. She never made contact with the Loop truck. The Loop truck, according to Alton Thibodeaux’s testimony, sped up rather than slowed down when it pulled in front of Mrs. Palmisano.
Appellant relies heavily on the holding in Logue v. O’Donley, La.App., 190 So.2d 653, however the essential fact in that case is not present here. In the Logue case “a truck was driven abruptly in front of plaintiffs’ vehicle causing Mrs. Logue * * * to suddenly and drastically reduce her speed [from 35 miles an hour] to approximately 10 miles per hour.” Here the evidence reflects that the changing lanes by the truck did not result in a sudden and drastic reduction of speed by Mrs. Palmisano.
We are of the opinion that the sole proximate cause of the accident was the negligence of Alton Thibodeaux in failing to keep a proper lookout. Had he been keeping a proper lookout he would have realized the Palmisano car slowing down in ample time for him to have avoided hitting it.
The testimony does not indicate that the truck driver abruptly changed *200 lanes and cut directly in front of the Pal-misano vehicle. That he had ample distance between his truck and Mrs. Palmi-sano’s car to change lanes safely is indicated by the fact that Mrs. Palmisano had no need to drastically reduce her speed. She simply applied her brakes in order to increase the distance between her vehicle and the truck. We find no negligence on the part of the truck driver.
In his reasons for judgment dictated into the record the Trial Judge stated: “The third-party demand by State Farm against Loop Laundry and Cleaners is hereby dismissed.” Through oversight the dismissal was not included in the formal judgment.
For the foregoing reasons the judgment appealed from is amended by adding thereto a paragraph dismissing the third-party action of State Farm Automobile Insurance Company against Joseph Louis Thibo-deaux and Loop Laundry and Cleaners, Inc. at its cost; and as so amended and in all other respects the judgment appealed from is affirmed; costs of this appeal to be borne by appellant.
Amended and affirmed.