392 So.2d 111 (1980)
Willie J. MARSHALL
v.
William E. BIGGS, Jr. et al.
No. 13580.
Court of Appeal of Louisiana, First Circuit.
October 6, 1980.
Writ Refused December 5, 1980.
Joseph R. Raggio, Baton Rouge, for plaintiff-appellant, Willie J. Marshall.
Walter T. Gamard, II, New Orleans, for defendant-appellee, Dairyland Ins. Co.
Ed Sutherland and R. Michael Caldwell, Baton Rouge, for defendant-appellee, AIU Ins. Co.
Before COVINGTON, CHIASSON and LEAR, JJ.
COVINGTON, Judge.
This is a suit for personal injuries brought by Willie J. Marshall, plaintiff. The defendants are William E. Biggs, Jr., his insurer, Dairyland Insurance Company, and plaintiff's uninsured motorist insurer, AIU Insurance Company.
Marshall was operating a 1975 Harley Davidson motorcycle in a westerly direction in the outside westbound lane of traffic on U.S. Highway 190 about five-tenths of a mile west of that highway's intersection with La. Highway 426 in the Parish of East Baton Rouge. On the date in question, December 4, 1977, Marshall, who was driving about 55 M.P.H., came upon a Volkswagen automobile operated by defendant Biggs, which had stopped with its lights off in the same lane of traffic as that in which plaintiff was traveling. Just before colliding with the stopped vehicle, Marshall did not brake but swerved his motorcycle in an effort to avoid the collision; however, he struck the left rear fender of the Volkswagen. Marshall, who was about 32 years of age at the time of the accident, sustained serious personal injuries.
The trial court found that defendant Biggs was negligent, but held that plaintiff was barred from recovery by his contributory negligence. In reaching this holding, the trial judge stated in his oral reasons for judgment (R 283-284):

*112 "What are the relevant circumstances? The court finds these to be, one, that plaintiff had something to drink which impaired his faculties to some extent. I am aware of the testimony that he may have not had anything to drink before 11:30, but he also testified he left Hammond after midnight and could have consumed enough, so that testimony is not in itself dispositive. We have Trooper Aulds' testimony as to what he saw and observed the problem, from him. We have the lab report and we have the previous night's occurrence, although the court gives least weight to the previous night's occurrence, only mentions it. All these circumstances indicate to the court that one big circumstance that the plaintiff's faculties were somewhat impaired at the time of the accident. The second circumstance is the plaintiff's speed. He was going 50 to 55 miles an hour, which he was going right at the speed limit of a motorcycle on a highway. The third is, of course, the question of the lights. Plaintiff says his lights could see 40 to 50 yards. But the way the accident happened, if one of three inferences can be drawn. Either the lights were defective or the lights were not defective, but he failed to observe what he could have seen in those lights in time to stop, or he was simply driving too fast for conditions. He swerved to the left, but too late to avoid the car, but there were no other cars around. He testified there were no other cars around in either lane of traffic at anywhere near him at the time. He could have swerved earlier and that would have been the natural thing to do under these circumstances, especially since he observed over a hundred feet away. The last circumstance is the impact. The severity of the impact indicates he neither stopped nor slowed down nor swerved very much earlier.
"All of these circumstances, the court is of the opinion, are consistent with a finding that the plaintiff failed to observe the vehicle when he should have observed it and could have avoided the consequences if he had observed it, or that having observed it, he failed to act as a reasonable man to avoid the consequences. His failure to do so is contributory negligence, which, under the present law, bars his recovery."
We agree with the trial judge's findings, and affirm.
The decisive issue is whether plaintiff was guilty of contributory negligence. A determination of contributory negligence is, for the most part, a factual matter, lying within the province of the trial court. Such a determination will not be disturbed on appeal in the absence of manifest error. In order to find manifest error, the record must support the conclusion that the factual determination was clearly wrong. Skinner v. Nightingale, 377 So.2d 1348 (La.App. 1 Cir. 1979). We have carefully reviewed the entire record and conclude that plaintiff was contributorily negligent. The evidence presented is supportive of the conclusion that Marshall was not maintaining a proper and careful lookout or maintaining proper control of his motorcycle under the circumstances.
The accident occurred on a dark night (sometime after midnight); however, the weather was reasonably clear and visibility good. It was not raining. Marshall did not meet any other vehicles as he approached the stopped Volkswagen; he was not blinded by any oncoming lights; there was nothing which would have obstructed his view of the Biggs vehicle; he could have driven into the other lane and around the stopped vehicle had he seen it soon enough. The evidence shows that plaintiff did not apply his brakes at any time, and that he was still driving at a speed of about 55 miles per hour when the collision occurred. He conceded he was driving at such a speed that he could not have stopped within the range of his headlights. Under these facts the trial judge properly concluded that Marshall was guilty of contributory negligence.
It has been held on many occasions, and under varying circumstances, that one who runs into the rear of a parked or stopped vehicle at night will be deemed negligent *113 where the attending circumstances are such that he reasonably could have or should have seen the stopped vehicle in time to avoid an accident. See Grinnell Mutual Reinsurance Company v. Rich, 251 So.2d 450 (La.App. 1 Cir. 1971), writ denied, 259 La. 898, 253 So.2d 222 (1971), and cases therein cited.
In Levy v. Graffignini, 255 So.2d 422, 424 (La.App. 4 Cir. 1971), the Court stated:
"The duty of a motorist to look ahead and observe never ceases and he is held to have seen an object which, by the exercise of ordinary care and prudence, he should have seen in time to avoid a collision with that object; he is under a continuing duty to maintain a proper lookout and always must closely observe preceding traffic. Whether defendant should have seen the stopped plaintiff automobile in time to avoid the collision is, of course, a question of fact ...."
The evidence shows that Marshall failed to fulfill his duty to be properly observant. By the exercise of ordinary care, he should have seen the stopped vehicle in time to have avoided a collision with it.
In view of the foregoing findings, we deem it unnecessary to rule on the questions of the impairment of plaintiff's faculties by the use of alcohol or the admissibility of the blood-alcohol test. The other issues raised by plaintiff on this appeal are without merit.
For the reasons assigned, the judgment of the trial court is affirmed at plaintiff-appellant's costs.
AFFIRMED.
CHIASSON, J., concurs and assigns reasons.
CHIASSON, Judge concurring:
Although I agree with the ultimate result, I cannot agree with the factual findings of my colleagues herein.
Plaintiff and the state trooper, the only witnesses to testify as to how the accident occurred, both testified that the accident occurred just as the plaintiff was coming out of a curve to the right. Plaintiff testified that as soon as he negotiated the curve he saw defendant's automobile, tried to evade it by turning to the left but was too close to avoid the accident. The state trooper did not testify as to the distance between the parked vehicle and the curve. The range of vision of plaintiff's headlight has nothing to do with the distance that he could see down the highway while he is traveling in a curve. The light would be off to the side of the highway at such time.
Under these facts a conclusion that, because plaintiff's headlight would shine 40 to 50 yards down a straight highway, he should have seen the parked automobile from that distance is not justified or warranted.
On the other hand, the trial judge was correct in concluding that plaintiff's faculties were somewhat impaired because of the consumption of alcoholic beverages. The blood test results were properly admitted and showed a reading of .21 percent grams of alcohol. Plaintiff's reaction time and ability to properly determine time and distance are crucial questions for a determination of whether plaintiff was negligent. From the record the trial judge was justified in concluding that the alcohol induced impairment was a substantial contributing cause of the accident.
For these reasons I concur in the result reached by the majority herein.