SARTAIN, Judge
(dissenting).
I must respectfully dissent from the opinion of the majority in this cause which, in my opinion, overrules the district judge in his finding of several material issues of fact. In his reasons for judgment the trial judge stated, inter alia:
“The how and why of chain reaction accidents involving automobiles on our major highways continually perplex the courts and specifically in regard to finding and assessing liability for those involved. Decisions are largely reached from the evaluation of evidence which reflects minor variations in time and distance as estimated by witnesses. Negligence must be determined from opinions of those witnesses invoking split second reactions of drivers whose abilities vary substantially. On expressways and highways having comparatively elevated speed limits, this is especially true when the driver is confronted with a sudden emergency situation.”
*117 * * * * * *
“ * * * In this case, there is no evidence Boudreaux was driving at an excessive rate of speed or was following too closely. In fact, his driving pattern and reaction to this emergency situation closely paralleled and was substantially similar to that of Dr. Dyer, and the Court has found no identifiable negligence on her part. Consequently there is no reason he should respond financially any more than she should. The Court, therefore, concludes the plaintiff has not established any negligence attributable to Abel J. Boudreaux.” (Emphasis ours)
The above quoted language clearly indicates to me that the trial judge treated the matter exclusively as one involving a sudden emergency that was created neither by Dr. Dyer nor Mr. Boudreaux.
In my opinion the record clearly reflects that the Beard, Dyer and Boudreaux vehicles were traveling at reasonable rates of speed On U.S. Highway 190, when as stated by Mr. Beard, the vehicles in front of him started “slamming” on their brakes and his driver did likewise. Dr. Dyer felt it necessary to put both of her feet on the brake pedal to bring her vehicle to an abrupt stop.
Mr. Boudreaux testified that he was following the Dyer vehicle approximately 200 feet when he noticed the Dyer vehicle “stopped” in front of him. A review of the testimony of all of the witnesses in my opinion show that Boudreaux had already commenced to apply his brakes before the Dyer vehicle had stopped. Beard testified that just as his vehicle stopped it was struck from the rear by the Dyer vehicle and Dr. Dyer testified that simultaneously as her vehicle struck the rear of the Beard vehicle, she was struck by the Boudreaux vehicle.
I am of the opinion that the pivotal point in this case centers around the rapidity of events which occurred leading up to the accident so as to determine whether or not the law relative to sudden emergencies is applicable. The district judge found that the doctrine of sudden emergency did apply and in this respect I do not believe that he committed manifest error in this conclusion.
L.R.S. 32:81 (A) provides that a following motorist must maintain a distance between himself and proceeding vehicles that is reasonable and prudent under the circumstances, taking into consideration the speed of his vehicle, the traffic on the highway at the time, and the condition of the highway. In Volkswagen Insurance Company v. Tamburello, 210 So.2d 136 (1968) the court reviewed in detail its previous decision in Taylor v. Genuine Parts Company, 192 So.2d 241 (1966, writs refused, 1967). The Taylor decision contains an extensive review of the cases involving rear-end collisions. These authorities also emphasize the importance of the rule that each case must stand on its own particular facts. The cases also recognize the rule that failure to maintain a specific distance between automobiles proceeding in the same direction does not constitute negligence per se and a following motorist is liable only for not avoiding foreseeable dangers and emergencies.
The majority opinion concludes that the evidence in this case “shows clearly that Mr. Boudreaux was not keeping a proper lookout”. The opinion also concludes that Dr. Dyer and the driver of the Beard vehicle were able to observe brake lights of vehicles preceding them in time to stop. It is with these particular findings of fact by the majority, contrary to that of the trial judge, that I must disagree.
This record does not contain any evidence relative to skid marks, stopping distances, or physical data that would justify overruling the trial judge and thus concluding that the sole and proximate cause of the accident was inattention of Mr. Boudreaux.
I believe, to the contrary, that the record indicates that the impact between these *118 three vehicles occurred within a matter of seconds thus emphasizing the rapidity of events and which justified the invocation of sudden emergency doctrine adhered to by the trial judge.
I,therefore, feel that the decision of the trial judge should be affirmed.